Clerk's Office
Filed Date:
12/21/2020 at 3:07 p.m.
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————X

JACQUELINE SILVER

      ---Plaintiff---

20-CV-6348

GUJARATI, J.
TISCIONE, M.J.

**COMPLAINT**

Docket No:
Demands A Trial By Jury

      ---Against---

The City of New York, NYPD
Detective John Seel, TAX Reg# 935879
as a individually and Police Officer- 109 Precinct

      ---Defendants---

**PARTIES, JURISDICTION AND VENUE**

Plaintiff, Jacqueline Silver, is a 54 year old female, who at all times, relevant to this action, was a resident of Queens, New York. As a complaint against the defendants allege as follows

Defendant, City of New York, ("NYC"), is a municipality within the State of New York, which includes Queens County. NYC maintains a police department, the NYC Police Department, ("NYPD"), which is an agency of the municipality. Defendant, City of New York, (N.Y.C.), is authorized by law to maintain the New York City Police Department, which acts as it's agent in the area of law enforcement, and defendant City of New York is ultimately responsible for the NYPD

**Page 2**

and assumes the risks incidental to the maintenance of it and its employees. At all times relevant herein, the individual defendant was acting under color of state law in the course and scope of their duties and functions as agents, servants and employees and officers of the NYPD. They were acting for and on behalf of the NYPD and before and all relevant times , with the power and authority vested in them as officers, and agents and employees of the NYPD .

That defendants were at all times herein mentioned police officers and detectives employed by the City of New York, under direction of defendant "City" and were acting in furtherance of the scope of their employment , acting under color of law , to wit, acting under color of statutes, policies , regulations , ordinances, customs and usages of the State of New York and/or the City.

During all times relevant to this complaint, the above defendants , separately and in concert, engaged in acts of omissions, which constituted deprivation of constitutional rights, and privileges of Ms. Silver , and while these acts were carried out under color of law, they had no justification or excuse in law and were instead illegal, improper, gratuitous and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and civil order.

During all times relevant to this complaint , the defendants and each of them had the power and obligation to restrain the other defendants from falsely arresting

**Page 3**

plaintiff Silver on charges with no probable cause, where no investigation could have possibly been made (from the time of incident December 5th to December 21st, 2017 day of false arrest). The other defendant in the courthouse that morning had the power to restrain Detective Seel from falsely arresting Ms. Silver. Ms. Silvers' rights were violated along with the law. Each of the defendants failed in doing this and thereby became a party to unlawfully subjecting plaintiff to denial of basic rights and undue mental anguish.

That NYPD, is a local government agency, duly formed and operated under by the laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policy, practice and customs of the NYPD as well as the hiring training, screening supervising, and disciplining of its police officers and civilian employees. This action arises under the United States Constitution, as well as the Civil Rights Act and Section 1983.

Each and all acts of the defendants alleged herein were done by the defendants, while acting as state actors acting under the color of law and within the scope of their employment by defendant the City of New York.

All defendant officers are being sued in their individual and official capacities. Each and all acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

Page 4

Jurisdiction in this court is founded upon the existence of a Federal question. This action is brought pursuant to 42 U.S.C. 1983 and statutory and constitutional provisions.

**Venue-** is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391 (a) (b) and (c) and because the claims arose and plaintiff resided in this district during the time of the arrest and the time of the criminal proceeding. Plaintiff Silver further invokes the pendant jurisdiction of this court to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and cause of action.

## PRELIMINARY STATEMENT/FACTUAL ALLEGATIONS

This is a civil action for monetary relief for compensatory and punitive damages pursuant to 42 USC section 1983 and 1988, for violations of Ms. Silvers civil rights as secured by said statutes and the constitution of the United States and the Constitution and laws of the State of New York. Ms. Silver seeks this relief against the defendants and other and further relief as the court seems just and proper. This action is grounded upon by wrongful, unlawful and improper acts including , without limitation, false arrest, unlawful imprisonment, abuse of process, and violations of public and police duties and obligations. Ms. Silver was deprived of her rights when Detective Seel invaded my privacy and without probable cause when I was coming out of the courtroom (December 21st ) right before I was arrested with no lawful authority .

Page 5

Detective Seel caused the unjustifiable arrest of Ms. Silver. Plaintiff Silver was deprived of her constitutional and common law rights when she was unlawfully arrested by above defendants.

On December 21st, 2017, Jacqueline Silver, plaintiff was coming out of the courtroom with my then lawyer, Joshua Stevens, when Detective Seel approached me and put handcuffs on me and unlawfully arrested me and took me to the 109 Precinct where he had me confined to a little room with no windows, (I am claustrophobic) until he put me in a cell. Plaintiff was detained for an excessive period of time (over 24 hours) and maliciously abused process against. Detective Seel arrested me with no investigation, and no probable cause. To my knowledge and belief I was arrested on a "hunch" that I violated an order of protection that Susan Wortman was wrongfully granted on September 19, 2017

The address where Ms. Silver resided was 38-17 212th Street, Bayside, New York. Plaintiff was sitting in a jail cell until she was fingerprinted and processed then taken to central booking in Kew Gardens and held in a cell for over 24 hours (totaling between the two jails over 30 hours). The conditions were unbearable which caused plaintiff mental anguish and frustration amongst other manifestations. Plaintiff was also subjected to violations to my right to free speech and malicious prosecution. Plaintiff Silver was incarcerated overnight with other females verbally abusing her, t throwing CHERIOS at her amongst other things. I was very scared, humiliated and

**Page 6**

treated in an inhumane way.

At the 109 precinct, Detective Seel charged me with violating an order of protection that was in favor of Susan Wortman . This woman has harassed me and shoved her wedding band in my face causing me harm. After the arrest paperwork was done and plaintiff was taking to central booking to get arraigned.

The claimant Ms. Silver was falsely charged with a violation of the Penal Law contained in the criminal court under docket number CR-050057-17QN. Plaintiff was unlawfully imprisoned as a result of the unlawful conduct of the defendant (s) , where there was no probable cause to arrest her. The plaintiff was forced to appear for over 15 months to the Criminal Court of Queens County, causing disruption in her daily life , causing her to lose her process serving license (as a result of Susan Wortmans' and her husband Victor Wortmans lies to the police, along with Steve Chase Esq, lies and false allegations to the police. Ms. Silver also lost precious time with her mother Ms. Silver, who suffered a massive stroke ten years ago. Ms. Silver also suffered severe mental anguish .

Upon information and belief , the officers at the NYPD has been engaging in improper practices and procedures for years. Pursuant to the Daily News in August 2020's edition, a police officer from the 109 Precinct, where Ms. Silver got wrongfully arrested, got arrested himself for tampering with evidence.

**Page 7**

Defendant(s) failed to investigate and prior to Ms. Silvers December 21st arrest, defendant CITY, were aware of and tolerated its police officers unlawfully arresting its persons.

Plaintiff Silver alleges that defendants failure to investigate, as it relates to the incident involving Ms. Silver on December 21, 2017, which constituted violations of plaintiffs' constitutional rights under the FOURTH and FOURTEENTH amendments.

On December 21st, 2017, plaintiff was falsely arrested, detained, deprived of her freedom, and unlawfully imprisoned in violation of her civil and constitutional rights afforded to her via the FOURTH amendment and via the due process clause of the FOURTEENTH amendment of the US Constitution as well as 42 U.S.C Section 1983. All acts by the defendants were committed under color of law, therefore depriving plaintiff of rights secured by Federal Law and the United States Constitution .

On or about December 21st, 2017, defendants Seel , CITY and NYPD, falsely arrested and falsely detained Ms. Silver, depriving her of her freedom and the ability to be free. Plaintiff was aware of her confinement and didn't consent to it. As part of the false arrest , false accusations, and detention, defendants caused the plaintiff to be falsely detained, arrested , imprisoned and deprived of her liberty without probable cause. Furthermore, as a direct result of said actions, the plaintiff was unjustly humiliated , exposed to disgrace, lost her process serving license (which she can

**Page 8**

no longer serve papers in the boroughs, causing her to be unemployed, got evicted from two apartments and was left homeless due to this false and unlawful arrest. Plaintiff was exposed to embarrassment, injury and public humiliation .

In arresting and detaining Plaintiff, defendants knew or should have known that they were violating Federal law and the plaintiffs constitutional rights, set forth herein and caused harm to the Plaintiff . As a result, Plaintiff suffered mental anguish, physical harm, and violations of rights from then until now and plaintiff will continue to suffer having been greatly humiliated and mentally injured as a result of the foregoing acts of the defendants.

That by reason of the foregoing, Ms. Silver has been exposed to injury of her person, disgrace, humiliation , embarrassment and has been damaged in the sum  of 600,000  (SIX HUNDRED THOUSAND DOLLARS) and punitive  damages. Pursuant to 28 U.S.C., 1367, the court has supplemental jurisdiction  to hear and adjudicate such claims and pursuant to the Fourteenth amendment of the United States Constitution, the court has jurisdiction to hear the federally based claim.

The system got so bad that the CITY allows and tolerates the unlawful conduct of the police officers and the false arrests that are made by the police department. As a direct and proximate result of the aforesaid act, omissions, systematic flaws policies and customs of the CITY, Defendants , Ms. Silver was unjustly treated, arrested without probable cause , wrongfully detained, in violation of her civil and

**Page 9**

constitutional rights causing her mental anguish, physical harm, and violations of rights from then until now. Plaintiff has been greatly humiliated and mentally injured as a result of the foregoing acts of the defendant,

That by reason of the foregoing, Ms. Silver has been exposed to injury of her person, disgrace, humiliation, embarrassment, all rights that are secured to her by the Fourth amendment, the due process clause of the Fourteenth amendment of the United States Constitution and by the U.S.C Section 1983.

The breach of duty by the defendants, was a direct and proximate cause of harm suffered by the plaintiff, which includes monetary expenses, pain and suffering, personal humiliation, loss of process serving job due to the false arrest, damage to reputation and loss of standing in the community.

All the foregoing occurred without any provocation or fault of plaintiff. That by reason of the foregoing, Ms. Silver has been exposed to injury of her person, disgrace, humiliation, embarrassment, and has been damaged in the sum off, 600,000 (SIX HUNDRED THOUSAND DOLLARS) and punitive damages. As a result of the defendants conduct, Ms. Silver has been subjected to unlawful detention (over 34 hours) due process violations, humiliation, anxiety, fear, emotional harm, and pecuniary loss.

As a direct result of the defendants conduct, plaintiff continues to suffer loss of work and career opportunities, loss of income, and repeated mental anguish.

Page 10

Plaintiff has suffered immensely due to the civil rights violations and false arrest.

## JURY DEMAND

Plaintiff hereby demands trial by jury off all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows; that the jury find and the court adjudge and decree that plaintiff Jacqueline Silver shall recover compensatory damages in the sum of (600,000) Six Hundred Thousand Dollars, against the individual defendants jointly and severally, together with interests and costs, and punitive damages in the sum of (600,000) Six Hundred Thousand Dollars, against the individual defendants jointly and severally.

That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Great Neck, New York
December 20th, 2020

Respectfully Submitted:
Jacqueline Silver
Pro Se Plaintiff
718-551-4245

Jacqueline Silver