UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JACQUELINE SILVER,

                Plaintiff,                                **MEMORANDUM & ORDER**
                                                      20-CV-6348 (DG) (ST)

     -against-

THE CITY OF NEW YORK,
NYPD DETECTIVE JOHN SEEL,
*as an individual and*
*Police Officer at 109 Precinct*,

                Defendants.
-----------------------------------------------------------X

DIANE GUJARATI, United States District Judge:

On December 21, 2020, Plaintiff Jacqueline Silver, appearing *pro se*, filed this action

against the City of New York and Detective John Seel of the New York City Police Department

("NYPD"), alleging violations of 42 U.S.C. § 1983 ("Section 1983").  Pending before the Court

is Plaintiff's Motion for Leave to proceed *in forma pauperis*.[1]  After reviewing Plaintiff's

Motion and Complaint, the Court grants her request to proceed *in forma pauperis* and, for the

reasons set forth below, dismisses her claims against the City of New York.[2]  The Complaint

may proceed against Detective Seel.

## BACKGROUND

Plaintiff alleges that she was unlawfully arrested while leaving a courtroom on December

21, 2017.  *See* Compl. at 4-7.  According to Plaintiff, Detective Seel of the 109th Precinct

---

[1] Plaintiff has filed a separate *pro se* action challenging a different arrest by a different officer in which she did not move to proceed *in forma pauperis*.  *See Silver v. City of New York*, No. 20-CV-3868 (DG) (ST) (E.D.N.Y.) (pending).

[2] To the extent that Plaintiff is asserting claims against the NYPD itself, as distinct from the City of New York – which is not clear from the Complaint – those claims also are dismissed, as discussed more fully below.

arrested her "on a 'hunch'" that she had violated an order of protection "wrongfully" granted on

September 19, 2017.  *Id.* at 5-6.  Plaintiff further alleges that she was taken to Central Booking

and unlawfully detained for over 24 hours.  *Id.* at 5.  Plaintiff does not set forth the result of any

proceedings related to the December 21, 2017 arrest, though she does allege that her arrest and

detention injured her and disrupted her life in several respects.  *See id.* at 6-10.  Plaintiff seeks

$600,000 in compensatory damages and $600,000 in punitive damages.  *Id.* at 8-10.

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to

state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v.*

*Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)).  The court must "accept all 'well-pleaded factual allegations' in the complaint as true."

*Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679);

*see also, e.g.*, *Leybinsky v. Iannacone*, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For

purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the

complaint must be taken as true.").

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings

"must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also,*

*e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts

"remain obligated to construe a *pro se* complaint liberally").  Nonetheless, where, as here, a *pro*

*se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint

if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[3]  To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Although "Section 1983 claims are generally brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against government entities or agencies where those individuals are employed," *Vehap v. City of New York*, 2020 WL 208784, at *2 (E.D.N.Y. Jan. 14, 2020), municipalities and other local government bodies can be held liable under Section 1983 as well.  However, "such entities may be held liable . . . only if their 'policy or custom . . . inflicts the injury.'" *Legg v. Ulster Cnty.*, 979 F.3d 101, 116 (2d Cir. 2020) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

---

[3] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress . . . .

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not 'suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Stratakos v. Nassau Cty.*, 2016 WL 6902143, at \*4 (E.D.N.Y. Nov. 23, 2016) (alteration in original) (quoting *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016)). Allegations that merely recite the elements of a municipal liability claim are, therefore, insufficient. *Williams v. City of New York*, 2020 WL 6899995, at \*2 (E.D.N.Y. Nov. 23, 2020).

Construing all factual allegations in the Complaint in Plaintiff's favor, the Complaint is devoid of any specific allegations that could support a municipal liability claim against the City of New York. Plaintiff's conclusory assertions that "[u]pon information and belief, the officers at the NYPD ha[ve] been engaging in improper practices and procedures for years," Compl. at 6, that the City of New York was "aware of and tolerated its police officers unlawfully arresting its persons," *id.* at 7, and that the City of New York "allows and tolerates the unlawful conduct of the police officers and the false arrests that are made by the police department," *id*. at 8, are insufficient to support a municipal liability claim against the City of New York. Likewise insufficient is Plaintiff's assertion that, according to a news report, "a police officer from the 109 Precinct . . . got arrested . . . for tampering with evidence." *Id*. at 6. Plaintiff neither alleges facts to support or suggest the existence of a municipal policy or custom nor alleges the required "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see also, e.g.*, *Cotto v. City of New York*, 803 F. App'x 500, 504 (2d Cir. 2020) (allegations focused on "individual officers and isolated events leading to [the plaintiff's] stop, detention, and prosecution without plausibly alleging a custom or policy pursuant to which those violations occurred" did not support a claim

for municipal liability); *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (affirming dismissal of a *Monell* claim and finding that the evidence fell far short of establishing a practice so persistent or widespread as to justify municipal liability where the plaintiff identified, "at most, only four examples" of Constitutional violations).  Accordingly, Plaintiff's Section 1983 claims against the City of New York are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B).

To the extent that Plaintiff is asserting claims against the NYPD, as distinct from the City of New York – which is not clear from the Complaint – her claims may not proceed.  Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y. City Charter Ch. 17, § 396.  That provision "has been construed to mean that New York City departments [such as the NYPD], as distinct from the City itself, lack the capacity to be sued."  *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008); *see also, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *McCollum v. City of New York*, 2020 WL 6945928, at *1 n.1 (E.D.N.Y. Nov. 25, 2020) ("Claims against the NYPD . . . can only lie against the City of New York.").  Accordingly, the "NYPD is not a proper defendant," *Liang v. City of New York*, 2013 WL 5366394, at *5 (E.D.N.Y. Sept. 24, 2013), *aff'd sub nom. Liang v. Zee*, 764 F. App'x 103 (2d Cir. 2019), and any claims against the NYPD therefore are also dismissed, *see* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, however, alleges that Detective Seel violated her Fourth and Fourteenth Amendment rights by unlawfully arresting and detaining her based "on a 'hunch'" that she

violated a "wrongfully" obtained order of protection.  Compl. at 5-7.  The Court will allow the

action to proceed against Detective Seel at this juncture.

## CONCLUSION

For the reasons set forth above, the Complaint, filed *in forma pauperis*, is dismissed as to

the City of New York and the New York Police Department, and no summons shall issue as to

either.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Complaint will, however, proceed against Detective Seel at this juncture.  The Clerk

of Court is therefore respectfully directed to issue a summons as to Detective John Seel of the

109th Precinct, and the United States Marshals Service is directed to serve the Summons and

Complaint upon Detective Seel without prepayment of fees.  The Clerk of Court is further

directed to send a copy of this Order and Plaintiff's Complaint to the Corporation Counsel of the

City of New York, Special Federal Litigation Division.

The case is referred to Magistrate Judge Steven Tiscione for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith, and, as such, denies *in forma pauperis* status for the purpose of an appeal.  *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

> /s/ Diane Gujarati
> DIANE GUJARATI
> United States District Judge

Dated: January 12, 2021
       Brooklyn, New York