United States District Court
Eastern District of New York
---------------------------------------X



20CV-06348
DG

NOTICE OF MOTION

Jacqueline Silver

        Plaintiff,

---against---

NYPD Detective John Seel

**PLEASE TAKE NOTICE** upon the annexed affidavit of Jacqueline Silver, sworn to August 18th, 2021, and upon the motion herein, plaintiff will move this court, Judge Diane Gujarati, U.S.D.C., in room _____, United States Courthouse, Brooklyn, New York, 11201, on the 2nd day of September, 2021 at 9:30 am or as soon thereafter as counsel can be heard, for an order pursuant to Local Civil Rule 6.3 of the Federal Rules of Civil Procedure granting Ms, Silver the above motion for reconsideration.

Pro Se plaintiff is asking Hon. Gujarati to reconsider her order dated 7/9/21 because once again the Notice which Ms. Silver received in the pro se packet at the onset of her Summons and Complaint against the defendant Detective John Seel and docket number 3- 12/30/20 both is very specific (no room for interpretation) on

consenting to a magistrate. They both read, " In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that **if** all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action ." Both the NOTICE and Docket 3 -8/24/20 go on to state, **You may withhold your consent without adverse substantive consequences .** The court has denied my letter motion to intervene and by doing this I feel that I do indeed have adverse consequences.

Your honor, as you are well aware I am not a lawyer and do not have a lawyer at this time . I am low income , on food stamps and cannot afford a lawyer. I am not on an even playing field and can only use the Rules and Local Laws for this court that I have available . Although we both agree that plaintiff hasn't consented to the appointment of a magistrate, Ms. Silver believes that you erred in your decision not to grant Ms. Silver the relief. These two rules are black and white . A magistrate is only appointed if you sign the form. I am challenging your order on the basis that you didn't elaborate on Rule 73 of the Federal Rules of Civil Procedure , in that you just stated that I didn't consent to the appointment of a magistrate. If I didn't consent to a magistrate than its null and should be voided. This is not what the Rule States and the court is not following its own Rule. Your Honor, since I am challenging your order , can you explain to me how you denied my letter motion to intervene? It might be coming across wrong in the letter motion , but if the Rule specifically states

that there needs to be consent from both parties for the court to assign a magistrate and I DID NOT CONSENT then how can a magistrate be assigned. Why would the court put Rules and Civil Rules in place , then send it to Pro Se Litigants and even put it on the docket and then don't follow and uphold it . In pro se plaintiffs letter motion dated June 17th , I only referred to Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1 not Rule 72 of the Federal Rule of Civil Procedure and Rule 72.2 of the Local Civil Rule . I made no mention to those rules and considered them irrelevant . I was strictly referring to the ones in my letter motion . Once again , unfortunately I don't have a lawyer and filed this case prose. Hon. Gujarati, I am asking you to rule solely on my letter motion (Rule 73 and 73.1). The other two that you mention in your order has nothing to do with the Notice mailed to me and the docket number 3- 8/24/20.

Although, Hon. Gujarati you are correct about Rule 72.2 of the Local City Rules in that a magistrate is appointed without the consent of the parties, Rule 73 of the Federal Rules of Civil Procedure, once again states otherwise. These are two rules that are contradicting each other and once again plaintiff is challenging your order for the reason that her letter motion only contained Rule 73 and 73.1. The other two rules you have in your order are irrelevant . How does the court have two contradictory rules? In reference to Rule 72, Ms. Silver can't see how this rule applies to the plaintiff not singing the consent form and therefore once again, a magistrate should have not been assigned as it went against Rule 73.

**Wherefore,** I respectfully ask the court to reconsider my letter motion dated June 17, and your order dated 7/9 as once again my letter motion only referred to Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1. Ms. Silver was under the assumption that this was the only rule and local rule that you would will rule on .

Dated: August 17, 2021
Nassau County

                                                    Jacqueline Silver
                                                  Pro Se Plaintiff
                                                  P.O. Box 525
                                                  Manhasset, NY 11030