

**THE CITY OF NEW YORK**

| | **LAW DEPARTMENT** | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | 100 Church Street<br>NEW YORK, NY 10007 | **LUCA DIFRONZO**<br>(212) 356-2354<br>ldifronz@law.nyc.gov<br>*Assistant Corporation Counsel* |

March 13, 2023

**VIA ECF**
Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Jacqueline Silver v. John Seel</u>, 20-CV-6348 (DG) (ST)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of York, and the attorney for defendant Detective John Seel. Defendant writes today to request dismissal of plaintiff's action pursuant to Fed. R. Civ. P. 41(b) and 37 in light of her failure to prosecute her case and her disregard of court orders.

      Specifically, plaintiff has refused to comply with three Court orders mandating production of an executed §160.50 release in this case. Her refusal is demonstrative of a pattern made all the more apparent by almost identical conduct in a companion case before this tribunal.[1] Accordingly, defendant's instant motion for dismissal with prejudice under Fed. R. Civ. P. 41(b) and 37 should be granted in full for this case, as well as for the related matter.

### I.    Pertinent Background

      Plaintiff filed this case on December 21, 2020, seeking relief under 42 U.S.C. § 1983 for an allegedly wrongful arrest defendant NYPD Detective Seel effectuated on December 21, 2017.

---

[1] Shortly before filing this motion for dismissal with prejudice under Fed. R. Civ. P. 41(b) and 37, the undersigned submitted a motion seeking disposition under the same bases in plaintiff's companion case, <u>Silver v. Galgano and the City of New York</u>, 20-CV-3868 (DG) (ST). (<u>See</u> ECF No. 62, referred to herein as "Galgano Mot. to Dism."). Both cases show a pattern of plaintiff's intransigence, as such, the instant motions may seem repetitive; however, this redundancy only highlights the dilatory strategy plaintiff has employed in both.

1

(ECF No. 1). This office mailed letters on February 21, 2021 and March 29, 2021 explaining that, to respond to plaintiff's allegations and therefore move this case along, plaintiff needed to execute a release pursuant to NYCPL § 160.50, which plaintiff refused to provide. Defendant thereafter sought court intervention on May 3, 2022, explaining that defendants could not respond to plaintiff's complaint unless and until she executed the release (ECF No. 11). Accordingly, on May 6, 2021, the Court first ordered plaintiff to produce the document for this case no later than May 21, 2021.[2] Plaintiff did not comply with the Court's order and further did not attend a June 11, 2021 conference for the case. (ECF No. 14; Minute Entry dated June 14, 2021). The Court issued a second order mandating plaintiff produce the release on June 14, 2021, as well as informing plaintiff that a failure to comply with the Court's order could result in dismissal of her case.

In lieu of complying, plaintiff filed a letter in her companion case asking the District Court to "intervene" and relieve her of any obligations under the analogous orders in both cases on June 29, 2021. (See Silver v. Galgano and the City of New York, 20-CV-3868, ECF No. 22). The Court denied the request in both matters. (Minute Entry dated July 9, 2021). Three days later, the Court issued a scheduling order requiring defendant to file a status report on July 19, 2021 and advising plaintiff that if she had not complied with the Court's previous orders by that date, that he would grant leave for defendant to file their motion to dismiss. (Minute Entry dated July 12, 2021).

Plaintiff again did not comply by that date and, the Court issued an order to show cause and directed plaintiff to attend an August 6, 2021 conference to explain the delays. (ECF No. 23). Plaintiff yet again refused to produce the releases and failed to appear at the conference. (Minute Entry dated August 10, 2021). For over the next year, plaintiff would repeat her efforts to delay this case by first, filing a motion for reconsideration, and then, after that motion was denied, a request for interlocutory relief, which, after languishing in the Second Circuit for six months, was dismissed on June 16, 2022. (ECF No. 27; Minute Entry dated September 30, 2021; ECF No. 31; ECF No. 32).

On September 23, 2022, the Court issued a third, and final, order directing plaintiff to execute the required release and warning that, if the October 7, 2022 status report did not reflect she had done so, "this Court will recommend that both matters be dismissed for failure to prosecute." (ECF No. 39). Par for the course, plaintiff again did not comply with the Court's order. As such, defendant writes today requesting the Court dismiss this case pursuant to Fed. R. Civ. P. 41(b) and 37.

## II.    **Plaintiff Has Failed to Prosecute Her Case In Violation of Fed. R. Civ. P. 41(b)**

Fed. R. Civ. P. 41(b) provides that [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The Second Circuit has stated that 'the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently.'" Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (quoting Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). A plaintiff's pro se status does not alleviate her obligation to prosecute. Although pro se litigants should be afforded latitude, they must nonetheless inform themselves of basic

---

[2] On the date of this order, plaintiff was similarly ignoring an identical directive in her companion case. (See Silver v. Galgano and the City of New York, 20-CV-3868 (ECF No. 18.))

procedural rules and how to comply with them, "especially when they can be understood without legal training and experience." Yadav v. Brookhaven Nat'l Lab., 487 F. App'x 671, 672 (2d Cir. 2012), citing Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008). Courts repeatedly have found that "dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Ayala v. Fid. Ins. Co., 2016 U.S. Dist. LEXIS 22091, at *3 (E.D.N.Y. Feb. 22, 2016).

The Second Circuit has laid out a five-factor analysis in motions made pursuant to Fed. R. Civ. P. 41(b) that accounts for: (1) the significance of the delay, (2) the existence of notice to the noncomplying party, (3) the degree of potential prejudice to the party seeking dismissal, (4) the balance between the need to alleviate court congestion and a party's opportunity to be heard, and (5) the consideration of lesser, alternative sanctions. See Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009); United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). While no singular factor is dispositive, U.S. ex rel. Pervez v. Maimonides Med. Ctr., 415 F. App'x 316, 317 (2d. Cir. 2011), here, all five factors militate strongly towards dismissal.

When considering the length of the delay, courts consider both the time of the delay and its source. See Drake, 375 F. 3d at 255. Here, the duration of plaintiff's delay warrants dismissal. See Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months); see also Lopez v. Catholic Charities of Archdiocese of New York, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing plaintiff's case after a delay of three months where the plaintiff failed to take any step in litigating the case for three months). This case has been stuck halfway through the pleadings stage for over two years, all because plaintiff has blatantly defied lawful court orders and instead sought to file motion after motion needlessly prolonging its progression under theories denied multiple times over, both here and in her companion suit. As such, the duration of the delay and its singular cause, plaintiff's recalcitrance, support dismissal under Fed. R. Civ. P. 41(b).

Plaintiff has been put on notice repeatedly about the potential consequences of her actions. The Court first informed plaintiff that her case could be dismissed if she repeated defying the Court's order in its order dated June 14, 2021. (Minute Entry). Since then, the Court has informed her of the risk her refusals carry in this case at least four times. (Minute Entry dated July 12, 2021; ECF No. 23; Minute Entry datred August 12, 2021; ECF No. 39). In addition, the very same tribunal has issued the very same notice in her companion case no less than seven times. (See generally Galgano Mot. to Dism. at 2). Given the combined twelve warnings this Court has provided plaintiff in total, any argument that she is not sufficiently on notice is facially meritless, and therefore this factor, too, supports dismissal.

Regarding the third factor, a "presumption of prejudice is particularly appropriate where… the plaintiff's delay was 'prolonged.'" William v. City of New York, 771 Fed. Appx. 94, 95 (2d Cir. 2019) (quoting Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999). Moreover, "when a plaintiff offers no reasonable excuse for the delay, prejudice to the defendant is presumed because, as litigation drags on, evidence can be lost and discovery becomes more difficult." Montanez-Garcia v. City of New York, 16 Civ. 6479 (LAP), 2018 U.S. Dist. LEXIS 106807, at *5-6 (S.D.N.Y. June 25, 2018). Here, defendants' prejudice in defending a case brought by a plaintiff that has shown herself to be unconcerned with established court protocols regarding

respect for judicial orders and basic document production presents an unjustifiable risk solely caused by plaintiff.

This District's already overcrowded docket should not be further congested with a case that plaintiff is intentionally complicating by failing to provide the undersigned with a copy of the release almost two years from the date this tribunal first ordered its execution. The obligation to move a case to trial is on plaintiff, thus, "dismissal is warranted where there is a lack of due diligence in the plaintiff's prosecution of the lawsuit by plaintiff." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). To date, plaintiff has not followed the aforementioned orders mandating execution of a § 160.50 release, let alone defendants' multiple private attempts to collect the same. Any detrimental effect to her opportunity to be heard was completely avoidable; had plaintiff complied with the Courts' orders, she may very well have already been "heard" or otherwise obtained some form of relief. The balance between these two inquiries tips heavily towards the relief requested herein because the risk of further, unwarranted docket congestion is massive when compared to the self-inflicted injury, if any, to plaintiff's right to adjudication on the merits.

Finally, regarding the fifth factor, absent any indication that plaintiff intends to meaningfully engage in even the pleadings stage, a sanction less than dismissal would be ineffective. Plaintiff's numerous rationales for refusing to produce the release—including respect for a magistrate judge's authority and belief that the underlying criminal records are untruthful—are unlikely to evaporate after defendants file an answer or other responsive pleading to her complaint. In fact, if plaintiff is hesitant to unseal public records, efforts to obtain future discovery, especially information over which she has exclusive control, may very well be even more frustrating.

Accordingly, for the reasons stated herein, the five aforementioned factors weigh in favor of dismissing plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b).

### III.      Plaintiff's Conduct Warrants Dismissal Under Fed. R. Civ. P. 37

The numerous instances of plaintiff's refusal to produce a § 160.50 release in defiance of court orders, as well as her failure to appear and follow established guidelines in timely filing her court submissions, lend support to an alternative rationale for dismissal under the federal rules. Fed. R. Civ. P. 37 provides that where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part…" Fed. R. Civ. P. 37(b)(2)(A). Dismissal with prejudice is appropriate under Rule 37 when a party willfully disobeys court orders and fails to participate in discovery. See, e.g., Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (affirming Rule 37 dismissal where there was disobedience of discovery order); Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (dismissal appropriate where there is willful non-compliance with court order).

Because plaintiff willfully failed to comply with numerous court orders—including those discussed above, not to mention those regarding the timeliness of submissions and appearance at hearing, dismissal is appropriate pursuant to Fed. R. Civ. P. 37. Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery, the Court may dismiss the action against the

disobedient party. See FRCP 37(b)(2)(c). Indeed, her conduct is prototypical of the "abusive litigation practices" for which the drafters of the federal rules provided District Courts with wide discretion in dismissing cases brought and needlessly delayed by similarly disruptive litigants. Friends of Animals, 131 F.3d at 334.

### IV.     Conclusion

Plaintiff should not be rewarded for her consistent dilatory tactics and refusal to refusing to produce a document that goes to the heart of her allegations despite numerous Court orders. Accordingly, dismissal of her case with prejudice under Fed. R. Civ. P. 41(b) and 37 is mandated here.

Thank you for your consideration in this matter.

Respectfully Submitted,

Luca Difronzo
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2354
ldifronz@law.nyc.gov

cc:     **BY U.S. Mail**
Jaqueline Silver
Plaintiff *pro se*
P.O. Box 525
Manhasset NY 11030

5